File Name: 12a0188n.06

**FILED**

**Feb 16, 2012**

LEONARD GREEN, Clerk

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 10-4006

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

OHIO COUNCIL 8 AMERICAN FEDERATION
OF STATE, COUNTY & MUNICIPAL
EMPLOYEES, AFL-CIO; HONORABLE
NADINE ALLEN; HONORABLE PETER J.
CORRIGAN; MARTHA GOOD; OHIO
DEMOCRATIC PARTY,

       Plaintiffs-Appellants,

v.

SECRETARY OF STATE JENNIFER
BRUNNER, IN HER OFFICIAL CAPACITY, ET
AL.,

       Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

_____/

Before:     MARTIN and MCKEAGUE, Circuit Judges, and CALDWELL.[*]

     PER CURIAM. Ohio Council 8 American Federation of State, County, and Municipal

Employees, AFL-CIO, and the other plaintiffs appeal the district court's denial of their motion for

a preliminary injunction to enjoin the enforcement of Ohio Revised Code § 3505.04, which prohibits

the inclusion of judicial office candidates' political party affiliations on Ohio's nonpartisan general

---

     [*] Judge Karen K. Caldwell, United States District Judge for the Southern District of Ohio,
sitting by designation.

election ballots. Plaintiffs filed suit in district court and sought to enjoin the enforcement of section 3505.04 on the grounds that it violates Plaintiffs' First Amendment rights and denies them equal protection under the law. On appeal, Plaintiffs argue that, because the statute is unconstitutional and Ohio's interests are neither compelling nor reasonable, the district court erred in denying their request to enjoin enforcement of section 3505.04. For the following reasons, we **AFFIRM**.

The decision to grant or deny a preliminary injunction is a "matter within the discretion of the district court and is thus reviewed for abuse of discretion." *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009) (citing *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007)); *see also Hunter v. Hamilton Cnty. Bd. of Elections*, 635 F.3d 219, 233-34 (6th Cir. 2011) (noting that this Court reviews a district court's determination as to granting or denying a preliminary injunction for abuse of discretion). We review the district court's legal conclusions de novo and its factual findings for clear error. *Certified Restoration Dry Cleaning Network*, 511 F.3d at 541 (citation omitted).

District courts consider four factors when determining whether to grant a preliminary injunction: "(1) whether the movant has demonstrated a likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the injunction will cause substantial harm to others if issued; and (4) whether granting the injunction will serve the public interest." *Bredesen*, 556 F.3d at 447 (citation omitted). Because the district court's determination of whether the movant is likely to succeed on the merits is a question of law, we review it de novo. *Certified Restoration Dry Cleaning Network*, 511 F.3d at 541. We review for an abuse of discretion the district court's "ultimate determination" of whether the four factors weigh

in favor of or against granting the preliminary injunction; this review is "highly deferential" to the decision of the district court. *Id*. "The district court's determination will be disturbed only if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id.* (citation and internal quotation marks omitted).

The district court did not abuse its discretion in denying Plaintiffs' request for a preliminary injunction. We agree with the district court that Plaintiffs have not shown a likelihood of success on the merits of their argument that the prohibition of political party designations next to judicial candidates' names burdens their rights to association and free speech and is not outweighed by Ohio's interests. *See Burdick v. Takushi*, 504 U.S. 428, 434 (1992) (evaluating constitutional challenges to state election laws under a "flexible" approach, and finding that a regulation must be "narrowly drawn to advance a state interest of compelling importance" where First and Fourteenth Amendment rights are severely restricted, but that the State's "important regulatory interests are generally sufficient to justify" those restrictions that are "reasonable [and] nondiscriminatory"). The district court did not err in finding that Plaintiffs failed to show irreparable harm, that the balance of equities favored Ohio, and that the public interest weighs in favor of not granting the injunction.

The district court did not abuse its discretion in determining that the four factors weighed in favor of denying Plaintiffs' motion for a preliminary injunction. Moreover, at the time the district court denied the injunction, it expressed a desire to let the parties engage in discovery and argument on the issue and cited no need for "expediency." A year and a half later a merits proceeding has not yet been held; the public interest would be best served by such a proceeding and not by enjoining Ohio from enforcing a state election statute before an upcoming election. *See Hunter*, 635 F.3d at

234 (noting that "considerations specific to election cases and exigencies of time may be weighed, but that it is still necessary, as a procedural matter, for [us] to give deference to the discretion of the District Court" (alteration in original) (citation and internal quotation marks omitted)). We therefore **AFFIRM** the order of the district court.